IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| CANDICE TUTTLE,<br><br>    Plaintiff,<br><br>v.<br><br>TRIAGELOGIC, LLC,<br><br>    Defendant. | CIVIL ACTION NO.: 4:24-CV-00110-RSB-CLR |

# RULE 26(f) REPORT

The attorney(s) and/or unrepresented parties listed below certify that:

1) they have read the Court's Rule 26 Instruction Order entered in this case;

2) they have held a conference, in person or telephonically, pursuant to Federal Rule of Civil Procedure 26(f); and

3) they have discussed the case and jointly prepared the following Rule 26(f) Report.

Identify, for each party, the attorney(s) and/or unrepresented parties who attended the Rule 26(f) Conference, the counsel or unrepresented parties who participated in preparing the Rule 26(f) Report, and the date of the Rule 26(f) Conference:

September 6, 2024
Clela A. Errington (Counsel for Plaintiff)
Michael Elkon (Counsel for Defendant)
David Lerner (Counsel for Defendant)

I.     **INITIAL MATTERS:**

    A.  **Jurisdiction and Venue**

        The defendant(s)

        ☐ does     ☒ does not

        contest jurisdiction and/or venue (for multiple defendants, identify which defendants contest jurisdiction and/or venue). If contested, such position is because:

        1) Jurisdiction:

        <u>n/a</u>

        2) Venue:

        <u>n/a</u>

    B.  **Immunity**

        The defendant(s)

        ☐ has raised     ☐ will raise     ☒ will not raise

        an immunity defense based on:

        <u>n/a</u>

**C. Stay of Discovery Due to Motion to Dismiss, Transfer, or Remand**

If a motion to dismiss, transfer, or remand has been or will be filed, or if any party will otherwise raise an initial defense including lack of jurisdiction, improper venue, or immunity, state whether the parties wish to delay proceeding with discovery until those issues have been decided. If so, state (i) the earliest a motion to dismiss or transfer will be filed; and (ii) what, if any, initial discovery, limited to that issue, will be necessary to resolve the motion.

Should any party seek a stay of discovery due to the filing of a motion to dismiss, the party must file a motion to stay and state within the motion whether the other parties join in, consent to, or oppose the motion.

<u>The Court received this matter pursuant to a transfer Order from the Northern District of Georgia on June 4, 2024. The Court ruled on Defendant's Motion to Dismiss Plaintiff's state law claims on August 9, 2024. Neither party intends to file any further motions to dismiss, transfer, or remand, or to otherwise raise a challenge that requires a stay of discovery.</u>

II.  **SETTLEMENT:**

    A. <u>**Settlement Efforts to Date**</u>

    The parties state:

        ☒    They have not yet taken any efforts to resolve this dispute.

        ☐    They have taken efforts to resolve this dispute, and those efforts generally consisted of:

    <u>Both parties are amenable to settlement. Plaintiff's counsel has stated that she will submit a demand letter within 21 days of the 26(f) conference, and the parties will continue to discuss potential settlement and/or mediation options following receipt of initial demand.</u>

    B. <u>**Early Settlement Discussion**</u>

    Counsel certify that, as required by the Rule 26 Instruction Order, they have discussed the potential for settlement between themselves and explored early involvement in alternative dispute resolution with their clients, and:

        ☒    The parties are prepared to discuss settlement with the Court at this time.

        ☐    The parties will not be prepared to discuss settlement until: ___.

    If the parties will not be prepared to discuss settlement until a later date, explain why, including what, if any, discovery the parties need in order to discuss settlement:

    <u>n/a</u>

III.   **INITIAL DISCLOSURES AND SCHEDULING CONFERENCE:**

   A. **Initial Disclosures**

   Rule 26(a)(1) disclosures:

     ☐ have been completed.   ☒ will be completed by **September 27, 2024**.

Unless otherwise ordered, mandatory disclosures required by Federal Rule of Civil Procedure 26(a)(1) must be made within fourteen (14) days of the parties' Rule 26(f) Conference. If any party is requesting additional time to provide disclosures, please explain why:

n/a

   B. **Scheduling Conference**

As explained in the Rule 26 Instruction Order, the Court may hold a Scheduling Conference (to be attended only by counsel and any unrepresented parties) before entering a Scheduling Order. Ordinarily, the Court will allow appearance via telephone. If any party is requesting that the Court hold a Scheduling Conference prior to the issuance of a Scheduling Order, please state so below:

n/a

If a Scheduling Conference is necessary, it should be held no more than twenty (20) days after the submission of this Report. Should the Court deem a scheduling conference necessary, the parties are available for a Scheduling Conference on the following dates (if any party is not available until after the 20-day time period, please explain why):

The parties will make themselves available for a scheduling conference as needed. The parties respectfully request that, if a scheduling conference is deemed necessary, that the parties may attend virtually.

**IV.   DISCOVERY**

Discovery will proceed more effectively and efficiently if the parties address discovery in the following sequential order:

> First: Accomplishing all fact-based written discovery, inspections, and examinations under Rules 33 through 36 of the Federal Rules of Civil Procedure, as well as the subpoena of documents, electronically stored information, and other tangible things from third parties under Federal Rule of Civil Procedure 45(d)(2);
>
> Second: Conducting discovery depositions of fact witnesses who have not been designated as experts;
>
> Third: Making all expert disclosures; and
>
> Fourth: Conducting all expert depositions.

**Unless the parties show good cause to proceed otherwise, the parties must propose discovery deadlines that follow this sequential course.  In other words, absent a specific showing of good cause, the parties should not propose one deadline to accomplish all discovery measures.  Rather, the parties must propose sequential deadlines by which they shall successively accomplish each of the above four areas of discovery.**

If any party proposes discovery deadlines that do not follow the sequential schedule laid out above, please state the reason(s) why.

<u>The parties agree to the staged discovery process outlined above, but they further agree that they may continue to engage in fact discovery during the expert period.</u>

Additionally, pursuant to Local Rule 26.1(d), the parties must complete all discovery within 140 days of the last answer of the defendants named in the original complaint. However, the Court will provide additional time upon a showing of good cause.

If any party proposes discovery deadlines that extend beyond the 140-day period, please state the reason(s) why.

<u>The parties do not anticipate needing additional time beyond the 140-day period for discovery.  The parties calculate the 140-day period from the date of Defendant's answer to the Complaint following the Court's order on Defendant's prior Motion to Dismiss Plaintiff's state law claims.  The 140-day period is thus measured from August 23, 2024, through and including January 10, 2025. The parties also reserve the right to seek an extension of the discovery period should that become necessary.  To the extent that there is a reasonable need for a discovery extension, including (but not limited to) because the</u>

<u>case becomes more document intensive than anticipated or to allow additional time to obtain relevant documents and/or take depositions, the parties agree to work together to obtain an extension.</u>

A. **Fact-Based Written Discovery, Inspections, and Examinations**

    i.    Written discovery, inspections, and examinations under Rules 33 through 36 of the Federal Rules of Civil Procedure will be completed by **January 10, 2025**.

    ii.    The maximum number of interrogatories, including sub-parts, which may be served by any party on any other party, is: 25.

           If any party seeks to exceed the limit of twenty-five (25) interrogatories set by Federal Rule of Civil Procedure 33(a)(1), please state why:

           n/a

    iii.    Will any party seek to conduct any inspections of any land, premises, or other property under Federal Rule of Civil Procedure 34(a)(2) or 45(d)(2)? No

           If yes, please describe the anticipated inspection(s) and state whether the inspection(s) should occur during the expert discovery period rather than during fact-based discovery.

           n/a

    iv.    Will any party seek to conduct any physical or mental examinations under Federal Rule of Civil Procedure 35? No

           If yes, please describe the anticipated examination(s) and state whether the examination(s) should occur during the expert discovery period rather than during fact-based discovery.

           n/a

B. **Depositions of Non-Expert Witnesses**

    i.    Discovery depositions of witnesses who have not been designated as experts will be completed by: **January 10, 2025**.

    ii.    The maximum number of depositions (including all expert and non-expert) that may be taken by a party is: 10.

           If any party seeks to exceed the limit of ten (10) depositions set by Federal Rule of Civil Procedure 30(a)(2)(A)(i), please state why:

           n/a

    iii.    Depositions will be limited in duration by Federal Rule of Civil Procedure 30(d)(1), except the depositions of:

           n/a

           which, by agreement, shall be limited as follows:

           n/a

C.  **Expert Discovery**

    i.    Does the plaintiff(s) anticipate designating, calling, or otherwise relying upon any expert witnesses?  Yes

    ii.    Does the defendant(s) anticipate designating, calling, or otherwise relying upon any expert witnesses?  Yes

    iii.    Plaintiff(s) shall serve any and all expert reports required by Federal Rule of Civil Procedure 26(a)(2)(B) and any and all disclosures required by Federal Rule of Civil Procedure 26(a)(2)(C) by **January 10, 2025**.

    iv.    Defendant(s) shall serve any and all expert reports required by Federal Rule of Civil Procedure 26(a)(2)(B) and any and all disclosures required by Federal Rule of Civil Procedure 26(a)(2)(C) by **January 10, 2025**.

    v.    The parties shall conduct any and all discovery depositions of witnesses who have been designated as experts by **January 10, 2025**.

    If any party anticipates any problems regarding expert discovery or any unique circumstances that the Court should be aware of regarding expert discovery, please explain:

    n/a

**D. <u>Agreed Discovery Procedures</u>**

i. <u>Unique Circumstances</u>

Are there any facts or circumstances unique to this case that will make fact or expert discovery more difficult or more time consuming? If so, please explain such facts and circumstances and the actions the parties have agreed upon to address them:

<u>n/a</u>

ii. <u>Phased Discovery</u>

Does any party propose that discovery be limited or proceed in phases? If so, please list each party making such a proposal and briefly explain the party's proposal:

(Phased discovery denotes discovery into one issue or set of facts first and then discovery into other issues or set of facts at a later time. Phased discovery does not include addressing fact-based discovery first and expert discovery thereafter. As explained above, sequentially addressing fact-based discovery measures first and expert discovery thereafter should be the normal course.)

<u>n/a</u>

E. **Third-Party Discovery**

Does any party anticipate that it will request a substantial amount of discovery, including the production of documents and other tangible things, from any individual or entity that is not a party to this action?  No

If so, please describe (i) any such third party and the discovery to be sought, (ii) any difficulties the parties anticipate in obtaining discovery from the third party, and (iii) whether the third party should participate in the scheduling conference.

n/a

F. **Electronically Stored Information**

By signing below, the parties certify that they have conferred together regarding the preservation and production of electronically stored information that may be relevant to the disposition of this suit as specifically required by the Rule 26 Instruction Order. The parties are prepared to discuss discovery of electronically stored information with the Court at the Rule 26 Instruction Conference.

i. Do the parties anticipate any disagreements about electronic discovery?  If so, please explain:

The parties are cooperatively working together to determine the scope of production of electronically stored information.  The parties consent to electronic service of discovery, including but not limited to discovery requests, responses to discovery requests, document production, and court-rquired disclosures.

ii. Do the parties anticipate that any special provisions are needed in the Scheduling Order with respect to electronic discovery?  If so, please explain:

The parties agree to exchange all discovery electronically, and that all electronically stored information will be produced in native format and/or searchable PDFs as appropriate based on the nature of the document. The parties further agree to continue to meet and confer in good faith regarding the format for production of electronically stored information as the parties determine the size and scope of production, including whether PDF documents can and should be produced in native format.

iii. Do the parties otherwise seek to bring any issue regarding electronic discovery to the Court's attention? If so, please explain:

n/a

### G. Privileged, Protected, and/or Confidential Communications and Information

The parties certify that they have conferred together regarding any documents or information withheld due to claims of privilege, confidentiality, or other protections as required by the Rule 26 Instruction Order.

i. Have the parties reached an agreement regarding the procedures for asserting claims of privilege, confidentiality, or protection? Yes

If so, please briefly describe such agreement:

The parties anticipate the potential need for a protective order to protect the confidentiality of information produced during discovery relating to confidential business-related information, information concerning non-parties to this lawsuit, and medical/psychological records for Plaintiff. Counsel for Defendant will provide a proposed protective order to Plaintiff's Counsel.

ii. Are there terms of any agreement regarding privileged, protected, or confidential information that the parties wish to have memorialized in the Scheduling Order?

Yes

If so, please explain or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters. Please include below, or in the attachment, a statement of good cause explaining the need for entry of such an order:

The parties will submit a Joint Motion for Protective Order to the Court, including the agreed upon protective order terms.

iii. Are there any issues regarding claims of privilege, confidentiality, or protection as to which the parties have been unable to reach an agreement?

No

If so, please explain:

n/a

### H. Protected Health Information

    i.    Do the parties anticipate that this case will involve an individual's medical records and/or protected health information, including any information that may be protected by the Health Insurance Portability and Accountability Act (HIPAA) and/or any state or federal privilege or protection for health information?

          Yes

    ii.    Has any individual whose protected health information could be relevant to this case executed a release allowing for counsel of the opposing party to obtain protected health information directly from health care providers?

          No

    iii.    Have the parties reached any agreements regarding the protection of such information including any agreements regarding the further disclosure of such information?

          Yes

    iv.    Are there terms of any agreement regarding protected health information that the parties wish to have memorialized in the scheduling order?  No

          If so, please explain or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters.  Please include below, or in the attachment, a statement of good cause explaining the need for entry of such an order:

          n/a

    v.    Are there any issues regarding protected health information as to which the parties have been unable to reach an agreement?  No

          If so, please explain:

          n/a

**V.     MOTIONS**

    **A.  Motions to Amend the Pleadings or to Add Parties**

       i.  The plaintiff(s)          ☐ does          ☒ does not

         anticipate the need to amend pleadings or add parties. Any motions to amend pleadings shall be filed by Click here to enter a date..

      ii.  The defendant(s)         ☐ does          ☒ does not

         anticipate the need to amend pleadings or add parties. Any motions to amend pleadings shall be filed by Click here to enter a date..

         If there are multiple defendants and less than all defendants anticipate needing to amend pleadings or add parties, please indicate which defendants so anticipate:

         <u>n/a</u>

      iii.  By Local Rule 16.3, all motions to amend pleadings or add parties are to be filed within sixty (60) days after the first filing of an answer. If any party is requesting more than this time, please state the reason(s) why such time is necessary.

         <u>The parties at this time do not anticipate that any additional amendments to the pleadings will be necessary. The parties, however, reserve the right to file such amendments as needed and in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court, and Judge Baker's Standing Order.</u>

    **B.  Civil Motions (Except Motions in Limine)**

        All other motions, including motions for summary judgment and motions to exclude expert testimony on *Daubert* and other grounds (but excluding motions in limine), shall be filed by: **February 10, 2025**.

        If any party is requesting a deadline to file motions (other than motions in limine) more than thirty (30) days after the deadline to complete discovery, please state the reason why such time is necessary:

        <u>n/a</u>

VII.   ADDITIONAL MATTERS

Please state any other matters to which the parties stipulate and/or which the court should know or consider before entering the Scheduling Order:[1]

n/a

Dated:  **October 8, 2024**

_____          _____
Pro Se Party (if applicable)                               Pro Se Party (if applicable)

/s/  Clela A. Errington                                      /s/  Michael P. Elkon
Counsel for Plaintiff(s)                                    Counsel for Plaintiff(s)

/s/  Click here to enter text.                          /s/  David Lerner
Counsel for Plaintiff(s)                                    Counsel for Plaintiff(s)

/s/  Click here to enter text.                          /s/  Click here to enter text.
Counsel for Defendant(s)                              Counsel for Defendant(s)

/s/  Click here to enter text.                          /s/  Click here to enter text.
Counsel for Defendant(s)                              Counsel for Defendant(s)

---

[1] The parties need not include any trial-related matters in this statement.  Following the motions filing deadline and the resolution of any dispositive motions, if this case is still pending, the Court will file its standard Order and Notice of Trial Preparation Requirements.  After consulting with the parties, the Court will issue a Trial Preparation Scheduling Order tailored to the needs of this case.  That order will set the pretrial conference and trial dates as well as deadlines for, amongst other matters, the submission of motions in limine and the joint proposed pretrial order.